UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| CLARENCE PRIBBLE, SR. and NANCY PRIBBLE, | ) ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-1120-SEB-JMS |
| | ) | |
| SIEGWERK USA, INC.; SHELL OIL COMPANY; DOW CHEMICAL COMPANY; DOW AGROSCIENCES, LLC; ASHLAND CHEMICAL COMPANY; and FISHER SCIENTIFIC COMPANY, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING  PLAINTIFFS' SUPPLEMENTAL MOTION TO REMAND**

Clarence Pribble worked at R.R. Donnelley & Sons in Lynchburg, Virginia, from 1973 to 2002, occupying various machine maintenance and repair positions.  He and his wife, Nancy Pribble, are Plaintiffs in this lawsuit claiming that during the course of his work Clarence was exposed to products containing benzene manufactured by the various  Defendants.  Mr. Pribble has recently contracted Hairy Cell Leukemia, which he and his wife attribute to his benzene exposure.

On June 15, 2006, Plaintiffs filed this lawsuit in the Marion Superior Court (Indiana), against Siegwerk USA, Inc., Shell Oil Company, Dow Chemical Company, Dow Agrosciences, LLC, Ashland Chemical Company and Fisher Scientific Company.  Plaintiffs, who are residents of Virginia, claim that the Defendants are liable in negligence and strict product liability for the injury their products inflicted on Mr. Pribble.  On July 21, 2006, the state court lawsuit was

removed to this court based on diversity of citizenship jurisdiction.[1]  Dow Chemical Company

and Dow Agrosciences, LLC jointly filed the Notice of Removal, indicating that all the co-

defendants consented to removal; thereafter, the other four co-defendants each filed its notice of

consent.  However, two of those notices of consent were filed on a date beyond the thirty day

period following service of the summons upon those defendants.

The Pribbles challenge the removal in their motion to remand, asserting that the failure of

two of the defendants to timely file a notice of consent dooms the removal of this action.[2]  After

the parties fully briefed the Motion to Remand, Plaintiffs filed a First Amended Complaint, but

without first seeking the court's permission.  The Case Management Order stated:  "[A]ll

motions for leave to amend the pleadings and/or join additional parties shall be filed on or before

December 21, 2006."  On that date, but, as we have noted, without seeking leave, the Pribbles

simply filed what they captioned as their First Amended Complaint.  No motions to strike the

First Amended Complaint were filed.  Instead, each defendant answered the amended complaint

and two defendants joined in a motion to dismiss, arguing that the pleading failed to state a claim

against them on which relief could be granted.

---

[1]In the removal notice, Defendants curiously argue that Dow Agrosciences, a Delaware
limited liability company with its principle place of operation in Indiana, was fraudulently joined
in order to destroy diversity.  This argument makes little sense, given that Plaintiffs are citizens
of Virginia and none of the initially named Defendants are citizens of Virginia.  Diversity of
citizenship existed, therefore,  even with Dow Agrosciences as a Defendant. In any event, that
Dow Agrosciences has since been dismissed moots the issue of whether or not it was
fraudulently joined.

[2]Apparently, neither Dow Agosciences nor Plaintiffs realized that diversity of citizenship
was not destroyed by the presence of a company with its principle place of business in Indiana,
as both continued to brief this irrelevant issue.

Plaintiffs did not revise or correct the parties' names in the caption of the First Amended Complaint which added Siegewerk Publications USA, Inc., a company with its principle place of business in Virginia, but dropped Dow Chemical Company and Dow Agrosciences.  Siegwerk USA, Inc. remained a named Defendant, both in the caption and in the introductory paragraphs of the First Amended Complaint.  Siegwerk USA, Inc.  has now filed a motion to dismiss, claiming that no substantive allegations were made against it in Plaintiffs' first amended effort, which motion to dismiss evoked a responsive motion by the Plaintiffs seeking leave to file a Second Amended Complaint based on its promise that it would thus correct its mistakes, since its intention had been to drop Siegwerk USA, Inc. as a Defendant and proceed only against Siegwerk Publications USA, Inc.

We are charitable in describing as extremely sloppy the proceedings in this case to date. Plainitffs' negligence is compounded by their most recent motion seeking leave to file a Second Amended Complaint to correct  "typographical" errors, when that motion is replete with confusing references to a Third Amended Complaint that has never been filed or otherwise pursued so far as we know.  Plaintiffs' continued inability to "get it right", even after being granted permission to file a Second Amended Complaint, is frustrating.  Consider, for example, the first line of their Second Amended Complaint, which reads, "[N]ow come Plaintiffs, ... and file this their First Amended Complaint against ...."   In addition, the Second Amended Complaint continues to list as a defendant, Siegwerk USA, Inc., in the caption and in paragraph two of the substantive allegations.  Because the Second Amended Complaint includes a number of generic and undifferentiated allegations of negligence and strict liability as to all "Defendants" (including Siegwerk USA, Inc.), this new pleading seemingly accomplishes

nothing.  In being required to sort through such confusion as this, the court has necessarily

expended excessive amounts of its scarce time and resources.  Even a modicum of attention to

detail by those who drafted and submitted the pleadings would have alleviated this wasted time

and needless confusion.  It ought to matter at least as much to the parties as it does to the court to

achieve some precision in advancing these issues.

      With the addition of Virginia-based Siegwerk Publications USA, Inc. as a Defendant,

Plaintiffs also filed their Supplemental Motion to Remand, contending again that their case

includes no diversity of citizenship.  The failure of Plaintiffs to seek leave to file the First

Amended Complaint, which error was compounded by a lack of any challenge by any Defendant

to the filing of that amended complaint, leaves us now in a quandary.  Pursuant to 28 U.S.C. §

1447(e), "[I]f after removal the plaintiff seeks to join additional defendants whose joinder would

destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the

action to the State court."

      Here, as we have noted, the Court was never afforded an opportunity to make the

determination of whether the additional defendants should have been joined.  Because

Defendants did not object to the filing of the amended complaint, we must decide whether to

infer permission to amend, based on Defendant's implied waiver of any objection, and remand

the matter to state court or, as Defendants request, deny the motion to amend now and strike the

Second Amended Complaint?  Another alternative also suggested by Defendants would be

toallow the amendment to the complaint, but uphold our subject matter jurisdiction based on the

complaint as it was filed in state court, which would allow the removal to stand.

We are able to cut through these otherwise convoluted and confusing circumstances by reference to the clear wording of 28 U.S.C. § 1447(e), which provides that if an amendment to the complaint is allowed which destroys the basis for federal diversity jurisdiction, the case is to be remanded to state court.  Defendants have offered no persuasive arguments in support of any alternative reading of this rule.

It is true that, in general terms, the propriety of removal is determined based on the face of the complaint filed in state court.  Defendants point us to three cases that they contend support a denial of the remand request. Two of the cases, *Gossmeyer v.McDonald*, 128 F.3d 481 (7th Cir. 1997) and *United Farm Bureau Mut. Ins. Co. v. Metropolitan Human Relations Com'n*, 24 F.3d 1008 (7th Cir. 1994), involve post-removal amendments to a complaint which so changed the substance of the claims being made by a plaintiff  that removal of the amended complaint would not have been possible.  Holding that the issue of subject matter jurisdiction turned on  the complaint as filed in state court, the Seventh Circuit rejected arguments made on appeal that the trial court should have remanded those cases.   *Gossmeyer*, 128 F.3d at 487-88; *United Farm Bureau*, 24 F.3d at 1014.  However, neither of these cases was removed on the basis of diversity of citizenship and therefore no post-removal changes invoked 28 U.S.C. § 1447(e).  The third decision cited by Defendants was based on diversity of citizenship, but its holding is far from supportive of Defendants' position.  In fact, in *Wellness Community-National v. Wellness House,* 70 F.3d 46 (7th Cir. 1995), the Seventh Circuit ordered the case remanded to state court even after a trial had occurred in the district court, in part because there had been no evidence establishing a sufficient amount in controversy -  an issue that had been in dispute between the parties from the very beginning of their litigation.  *Id.* at 50.  The final line of that opinion

captures the holding by the court and expresses a view directly contrary to that advanced by Defendants here: "Because neither diversity jurisdiction nor supplemental jurisdiction was satisfied here, we vacate the judgment below and remand for dismissal for want of jurisdiction." *Id.* at 51.

Had Defendants initially challenged Plaintiffs' post-removal amendment to the Complaint, some alternative course might have been available. Instead, by filing their answer to the amended complaint, Defendants responded as though the amended pleading had been properly filed. As the case currently stands, no party is a citizen of Indiana, and though this fact arguably renders an Indiana court less than perfect in terms of venue, it is no more inappropriate a forum than would be this federal court. Applying the requirements of 28 U.S.C. § 1447(e) governing the addition of a party whose joinder destroys diversity, we shall remand this matter to the court from whence it originally came.

Accordingly, Plaintiffs' Supplemental Motion to Remand (**Document # 67**) is GRANTED and the following motions are all DENIED as moot: Plaintiffs' First Motion to Remand (**Document #38**); Defendant Siegwerk USA, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint (**Document #71**); and Defendant Siegwerk Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint (**Document #78**). This cause is hereby REMANDED to the Marion Circuit/Superior Court. The Clerk of Court is directed to effect this remand as promptly as possible.

IT IS SO ORDERED. 03/28/2007

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Dennis F. Cantrell
BINGHAM MCHALE, LLP
dcantrell@binghammchale.com

Larry J. Chilton
CHILTON YAMBERT PORTER &
YOUNG, LLP
lchilton@cypylaw.com

Collen A. Clark
2911 Turtle Creek Blvd.
Suite 1400
Dallas, TX 75219

Raymond L. Faust
NORRIS CHOPLIN & SCHROEDER LLP
rfaust@ncs-law.com

Robert Jon Feldt
EICHHORN & EICHHORN
rfeldt@eichhorn-law.com

Daniel J. Gerritzen
BINGHAM MCHALE, LLP
dgerritzen@binghammchale.com

Katharine Hoyne Hosty
EICHHORN & EICHHORN
khosty@eichhorn-law.com

Kyle A. Jones
NORRIS CHOPLIN & SCHROEDER LLP
kjones@ncs-law.com

Byron K. Mason
BAKER & DANIELS
bkmason@bakerd.com

Christopher Allan Moeller
PRICE WAICUKAUSKI & RILEY
cmoeller@price-law.com

Keith E. Patton
SCHMIDT & CLARK
kpatton@schmidtlaw.com

Jesse R. Pierce
KING & SPALDING LLP
jpierce@kslaw.com

Kirk Louis Pittard
DURHAM & PITTARD
kpittard@durhampittard.com

William N. Riley
PRICE WAICUKAUSKI & RILEY
wriley@price-law.com

Michael E. Schmidt
2911 Turtle Creek Blvd.
Suite 1400
Dallas, TX 75219

John P. Twohy
EICHHORN & EICHHORN
jtwohy@eichhorn-law.com

Taleia  Wilson
KING & SPALDING LLP
twilson@kslaw.com